## Case No. 8,183.

### LEE v. BOWEN et al.

[5 Biss. 154.] [1]

Circuit Court, N. D. Illinois. July, 1870.

RIGHTS OF HOLDER OF BILL OF LADING — RIGHTS OF CONSIGNEE.

The bona fide holder of a draft drawn against goods shipped, with bill of lading assigned, has a lien upon the goods in the hands of the consignee, and can recover from him the proceeds of their sale, even though the consignor be indebted to the consignee on general account.

Bill for an accounting and to recover of defendants the proceeds of goods consigned to them, the bill of lading for which had been assigned to complainant by the consignor as security for his draft drawn against the goods shipped.

BLODGETT, District Judge. In the fall of 1865, King & Pennock were manufacturers of cotton goods at Pittsburg, Penn.,

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

and Bowen Bros., wholesale merchants in this city, acting as factors for King & Pennock. Owing to a decline in values and other embarrassments, King & Pennock became unable to go on with their business without assistance, and, in order to prevent their stopping, Bowen Bros. agreed to advance their drafts or acceptances to them, to be paid in manufactured goods, which were to be shipped from Pittsburg to Bowen Bros. as fast as manufactured, to meet such acceptances. In pursuance of this arrangement, Bowen Bros. between December, 1865, and the 1st of April, 1868, advanced and paid, for account of King & Pennock, about $25,000. The goods which it was expected would have met those acceptances had been shipped to Bowen Bros., of Chicago; but, owing to a decline in values during the winter and spring, there was a balance due Bowen Bros. of nearly $8,000 on general account. Under this state of facts, King & Pennock, on the 11th of April 1866, shipped by the Pittsburgh & Ft. Wayne R. R., to Bowen Bros., at Chicago, six bales of sheeting, and simultaneous with this shipment drew their draft, payable to their own order, for $1,030, which they negotiated to plaintiff, transferring to him, also as security for the payment of the draft, the shipping bill of said six bales of sheeting. At the same time they advised Bowen Bros., by letter, of the shipment and of the draft. The shipment was received in due course of business, and also the letter advising Bowen Bros. of the draft and the disposition to be made of the shipment. The draft was duly presented for acceptance and protested for non-acceptance. Bowen Bros., when the goods came to hand, sold them and passed the proceeds to the credit of King & Pennock, on general account. They refusing to pay the draft, complainant files this bill to compel Bowen Bros. to account to him for the proceeds of the goods.

I think the complainant acquired a lien upon the goods by the transfer to him of the shipping bill as attendant upon the draft which had been negotiated to him, and that Bowen Bros. had no right to apply the proceeds of the goods to the payment or liquidation of their general balance. The authorities all concur that a consignor may create a lien of this kind, and that the consignees have no right to disregard it. The rule seems to me a salutary one, and one, in fact, without which the commercial business of the country could hardly be transacted. The crops of the West could scarcely be moved if this well-established business rule were now to be overturned, as every man at all familiar with affairs knows that the usual course of shipments and business transactions of this country is, that banks make advances on drafts drawn upon bills of lading or shipping bills of essentially the character of the one before us.

Decree for complainant for the value of the goods.

In support of the text, consult Bank of Rochester v. Jones. 4 N. Y. 497.